UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHAN H. SLIWA,

   Plaintiff,

-VS-

BRIGHT HOUSE NETWORKS, LLC

   Defendant.
_____/

CASE NO.:
DIVISION:

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff, STEPHAN H. SLIWA, alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robo-calls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described in the Complaint occurred in Desoto County, Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person and citizen of the State of Florida residing in Desoto County, Florida.

9. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, Bright House Networks, LLC, (hereinafter "Bright House"), is a foreign limited liability company with its principal place of business at C/O Advance/Newhouse Partnership, 5823 Widewaters Parkway, East Syracuse, NY 13057 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

13. Defendant, Bright House, consented to and has knowledge and control of the activities of its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees,

servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors including but not limited to Bright House, in their actions related to the servicing and collection of the alleged account.

14. Upon information and belief, Bright House had knowledge of all actions taken by its agents and representatives, supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors (collectively "agents") and specifically instructed and/or conspired with them to take such actions as were ultimately taken in regards to Plaintiff.

15. Neither Bright House nor its agents disclosed to Plaintiff the principal/agent or parent company/subsidiary relationship by and between them, but it was nonetheless eventually clear that the agents at all times material, acted as the agent on behalf of Bright House with respect to the activities described herein.

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

17. Defendant called the Plaintiff approximately six hundred (600) times since February 1, 2012 in an attempt to collect a debt.

18. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. Bright House intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

20. On information and belief, the telephone calls placed by Bright House were placed using automated telephone dialing equipment, without human intervention.

21. Each call Bright House made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. Each call Bright House made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

23. Beginning on or around February 1, 2015, Plaintiff began receiving automated robocalls from Bright House to his cell phone number, (\*\*\*) \*\*\* - 2025

24. After February 1, 2015 the Plaintiff received calls from 888-572-2109, 877-369-1344 and 866-774-5081. When these numbers are called, a pre-recorded voice answers and identifies the number as Bright House Network. These numbers called the Plaintiff repeatedly after he revoked his consent, including but not limited to the following dates and approximate times:

    a. February 2, 2015 (6:35 PM).

    b. July 18, 2015 (2:06 PM);

    c. July 20, 2015 (3:45 PM);

    d. August 7, 2015 (12:46 PM);

    e. August 10, 2015 (12:44 PM);

    f. November 3, 2015 (9:37 AM);

    g. November 27, 2015 (12:39 PM); and

    h. November 28, 2015 (9:18 AM).

25. On multiple occasions after February 1, 2013 the Plaintiff advised the Defendant that he no longer consented to being called by Defendant; however the calls to his cell phone continued without his prior express consent.

26.     The Defendant called the Plaintiff's family members without the Plaintiff's consent on hundreds of occasions beginning on or about February 1, 2015.

27.     Bright House and its subsidiaries have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

28.     Bright House and its subsidiaries have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Bright House, to remove the incorrect number.

29.     Bright House has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

30.     Bright House and its subsidiaries have had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

31.     Bright House and its subsidiaries corporate policy provided no means for the Plaintiff to have his number removed from the call list.

32.     Bright House and its subsidiaries, including have a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33.     Plaintiff revoked any express consent to Bright House's placement of telephone calls to Plaintiff's cellular telephone by the use of an ATDS or a pre-recorded or artificial voice prior to Bright House's placement of the calls.

34.     None of Bright House's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35.     Bright House and its subsidiaries willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## BRIGHT HOUSE NETWORKS, LLC
### (Violation of the TCPA)

36.     Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37.     Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to being called by them using an ATDS or pre-recorded voice.

38.     Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent to being called by them using an ATDS or pre-recorded voice.

39.     Bright House repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bright House Networks, LLC for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## BRIGHT HOUSE NETWORKS, LLC
### (Violation of the FCCPA)

40.     Plaintiff incorporates one (1) through thirty-five (35).

41. At all times relevant to this action Bright House is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Bright House has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43. Bright House has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

44. Bright House's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bright House Networks, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Stephen J. Stanley_____
STEPHEN J. STANLEY
Attorney & Counselor at Law
Florida Bar No. 076082
412 E. Madison St., Ste 1111
Tampa, Florida 33602
Telephone No.: (813) 226-2727
Facsimile No.: (813) 200-1013
stephenjstanley@yahoo.com
Attorney for Plaintiff