UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA,

    Plaintiff,

v.                                  Case No: 2:16-cv-235-FtM-29MRM

BRIGHT HOUSE NETWORKS, LLC,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion for Stay (Doc. #12) filed on April 7, 2016. Plaintiff filed a Response in Opposition (Doc. #17) on April 26, 2016. For the reasons set forth below, the Motion is denied.

**I.**

On December 21, 2015, Plaintiff Stephan H. Sliwa (Plaintiff) filed a two-count Complaint (Doc. #1) against Defendant Bright House Networks, LLC (Bright House) seeking damages pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. ¶ 227 et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq. The Complaint alleges that Bright House used an automatic telephone dialing system (ATDS) or prerecorded or artificial voice technology to call Plaintiff approximately 600 times, in an attempt to collect a debt.[1] (Id. ¶¶ 19, 20, 39.)

---

[1] Bright House contends that it was actually trying to reach a different individual. (Doc. #12, p. 2.)

Plaintiff claims that all of these calls were made without his "express permission," (id. ¶ 22), and that the calls continued even after he advised Bright House that he did not consent to being called. (Id. ¶ 25.) This conduct, Plaintiff argues, violates the TCPA's prohibition on placing non-emergency telephone calls using an ATDS or a prerecorded or artificial voice without having first obtained the prior express consent of the party called,[2] and constitutes abusive and harassing behavior in connection with the collection of a debt under Section 559.72(7) of the FCCPA.

On April 7, 2016 – more than three months after Plaintiff filed his Complaint - Bright House moved to stay this case. Bright House contends that a stay is warranted because there is a pending appeal that may dispositively resolve essential elements of Plaintiff's TCPA claim in Bright House's favor. As discussed further below, the appeal Bright House references is from a final order of the Federal Communications Commission (FCC) interpreting various provisions in the TCPA. Plaintiff opposes a stay, arguing that i) the appeal is not likely to result in a decision favorable

---

[2] The Court is confused by the reference in Count I to TCPA Section 227(b)(1)(A)(iii). That Section prohibits, inter alia, calls to cell phones "for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The Complaint does not, however, allege that Plaintiff was charged for the calls he received from Bright House. The language in Count I does closely track that in Section 227(b)(1)(B), and the Court would be inclined to view the reference to Section 227(b)(1)(A)(iii) as a scrivener's error, except that Section 227(b)(1)(B) prohibits calls to residential telephone lines, not cell phones, and the Complaint does not allege that Bright House called Plaintiff's residential telephone line. It is thus unclear whether either Section applies here.

to Bright House; ii) even a favorable decision would not be dispositive of Plaintiff's TCPA claim; and iii) a stay would be of indefinite duration and thus "immoderate."

## II.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55.

Bright House asks this Court to exercise its discretionary judgment and stay these proceedings because there are "three separate and ongoing appeals" of an FCC final order, which appeals may dispositively affect material elements of Plaintiff's TCPA claim. In fact, there is only one consolidated appeal, and the effect the outcome of that appeal will have on this Court and this litigation is not as straightforward as Bright House represents.

**A.   Appeal of the FCC's Final Order Interpreting the TCPA**

In July 2015, the FCC issued a "Declaratory Ruling and Order" (Final Order), 30 F.C.C. Rcd. 7961, addressing key language in the TCPA, including "whether dialing equipment is an autodialer under the TCPA when it does not have the 'current capacity' or 'present ability' to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made," id.

at 7972, and "whether a caller making a call subject to the TCPA to a number reassigned from the consumer who gave consent for the call to a new consumer is liable for violating the TCPA." Id. at 7999. Each of these questions is relevant to Plaintiff's TCPA claim, and the FCC answered both in the affirmative[3] – an outcome unfavorable to companies like Bright House.[4]

Two of the five FCC commissioners dissented as to these findings,[5] however, and numerous "Hobbs Act" petitions challenging the Final Order were filed in the D.C. Circuit and the Seventh Circuit shortly thereafter.[6] By order of the Judicial Panel on

---

[3] Specifically, the FCC concluded that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities," 30 F.C.C. Rcd. at 7974, and that a call to a reassigned number without the recipient's consent violates the TCPA, which "requires the consent not of the intended recipient of a call but of the current subscriber." Id. at 7999 (emphases added).

[4] The Final Order does, however, create a one-call "safe harbor" for calls placed to unknowingly-reassigned wireless numbers; after this call, the caller is charged with constructive knowledge of the reassignment. Id. Contrary to Bright House's claim that the FCC's one-call constructive knowledge standard is "rather extreme," it is ostensibly *more* favorable to callers than the rule previously followed in this Circuit, which was that *any* call to someone who had not consented violated the TCPA. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251-52 (11th Cir. 2014) (finding persuasive the logic that "any consent previously given[] lapses when [a] Cell Number is reassigned" (quoting Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 641 (7th Cir. 2012))).

[5] See 30 F.C.C. Rcd. at 8072-98.

[6] "The Hobbs Act provides the federal courts of appeals with 'exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity' of FCC orders." Murphy v. DCI Biologicals Orlando, LLC, 797 F.3d 1302, 1306-07 (11th Cir. 2015) (quoting 28 U.S.C. § 2342(1)).

Multidistrict Litigation, the petitions were consolidated pursuant to 28 U.S.C. § 2112(A)(3) and assigned to the D.C. Circuit Court of Appeals.[7]  Briefing concluded in February 2016, but the Circuit Court has yet to schedule oral argument.

**B.   Whether the Appeal Warrants a Stay**

Bright House's argument that a stay is warranted in light of the appeal pending in the D.C. Circuit assumes two things: first, that the Circuit Court's ruling is likely to be favorable to Bright House's position in this case, and second, that such ruling will be binding on this Court.[8]  As to the first of these assumptions, the Court does not agree that the Circuit Court's decision is likely to favor Bright House.  The D.C. Circuit will not invalidate the Final Order "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  Vernal Enters., Inc. v. Fed. Commc'ns Comm'n, 355 F.3d 650, 658 (D.C. Cir. 2004) (quoting 5 U.S.C. § 706(2)(A)).  Under this exacting standard, the Circuit Court's review "is highly deferential; [it] must presume the validity of the agency's action," and a decision invalidating the FCC's Final Order is appropriate "only if the

---

[7] ACA International v. FCC, No. 15-1211 (D.C. Cir. July 24, 2015).

[8] Motions to stay pending the ACA International appeal have been filed in numerous district courts.  Although some courts have granted a stay, it seems most have found a stay unwarranted, including several courts in this District and Circuit.  E.g., Rodriguez v. DFS Servs., LLC, No. 8:15-CV-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016); Schwyhart v. AmSher Collection Servs., Inc., No. 2:15-CV-01175-JEO, 2016 WL 1620096, at *3 (N.D. Ala. Apr. 22, 2016).

agency's decision is not supported by substantial evidence, or the agency has made a clear error in judgment." Id. (internal alterations and citation omitted). In other words, it is more likely than not that the D.C. Circuit will uphold the Final Order.

Even if the Circuit Court does reach an opinion favorable to Bright House's position, the extent to which this Court would be bound thereby is not entirely clear. Generally speaking, "[b]inding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that district." Murphy v. F.D.I.C., 208 F.3d 959, 965 (11th Cir. 2000) (quoting In re Korean Air Lines Disaster of Sept. 1, 1983, 829 F.2d 1171, 1176 (D.C. Cir. 1987), aff'd sub nom., Chan v. Korean Air Lines, Ltd., 490 U.S. 122 (1989)). Where, however, multiple petitions challenging an FCC (or other agency) regulation are consolidated in one circuit under 28 U.S.C. § 2112 – as here – there is support for the proposition that the assignee circuit "bec[o]me[s], and remains, the sole forum for addressing . . . the validity of the FCC's rules." Peck v. Cingular Wireless, LLC, 535 F.3d 1053, 1057 (9th Cir. 2008) (alteration in original) (quotation omitted); see also GTE S., Inc. v. Morrison, 199 F.3d 733, 743 (4th Cir. 1999) (Fourth Circuit lacked jurisdiction to review FCC's pricing rules because petitions challenging those rules had been consolidated under Section 2122(a) and assigned to Eighth Circuit). Thereafter, a "decision regarding the validity of the [challenged interpretations] is binding outside of th[at]

. . . Circuit." Peck, 535 F.3d at 1057; see also ONRC Action v. U.S. Bureau of Reclamation, No. CIV. 97-3090-CL, 2012 WL 3526833, at *30 (D. Or. Jan. 17, 2012) ("[O]pinions issued by other Circuit Courts of Appeal deciding consolidated petitions for review of agency regulations are binding outside that circuit." (citing id.)) (subsequent history omitted).

This case law stands for the proposition that, if the D.C. Circuit Court were to vacate (or uphold) one or more of the challenged FCC interpretations, this Court could not instead continue to follow the FCC's now-vacated (or not follow the FCC's now-affirmed) interpretations in resolving Plaintiff's claims.[9] Peck, 535 F.3d at 1057; see also ONCR Action, 2012 WL 3526833, at *30 (Oregon district court was bound by Eleventh Circuit's decision on consolidated appeal upholding EPA's water transfer regulation). But see O'Hanlon v. 24 Hour Fitness USA, Inc., No. 15-CV-01821-BLF, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016) ("Even assuming that the decision from the D.C. Circuit will be favorable to Defendants, it is, of course, not binding on this Court.").

Even assuming this Court is bound to follow the result reached by the D.C. Circuit, until that court issues its opinion, the FCC's

---

[9] In Peck, the Ninth Circuit concluded that the district court committed reversible error by basing its decision to grant a motion to dismiss on the FCC's interpretation of a provision in the Federal Communications Act, because that interpretation had been vacated by the Eleventh Circuit, which had been assigned to decide the consolidated petitions challenging the FCC's interpretation. 535 F.3d at 1057.

Final Order "has the force of law" in this Court. <u>Mais v. Gulf Coast Collection Bureau, Inc.</u>, 768 F.3d 1110, 1121 (11th Cir. 2014) (citation omitted). Indeed, this court, like all district courts, "lack[s] jurisdiction under the Hobbs Act to consider [the] argument that the [FCC] incorrectly interpreted [statutory language]." <u>Murphy</u>, 797 F.3d at 1305. Thus, where a lawsuit implicates those interpretations, the "district court must afford [the] final order[] deference and may only consider whether the alleged action violates FCC rules or regulations." <u>Id.</u> at 1307.

Staying this case because the Circuit Court *may* conclude that FCC incorrectly interpreted the TCPA is the *opposite* of affording the Final Order deference. Granting a stay premised on the contention that the FCC got it wrong could, in fact, amount to a constructive "refus[al] to enforce an FCC interpretation" – an action this Court is expressly prohibited from taking – and a "violat[ion of] the Hobbs Act's prohibition on district court review of FCC orders." <u>Id.</u> This reason, the Court concludes, is alone sufficient to deny Bright House's Motion for Stay.

**C.   Other Grounds for Granting a Stay**

Even if <u>Mais</u> and <u>Murphy</u> did not counsel against a stay in this case, the Court would still find a stay inappropriate for at least two reasons. First, there is no indication of when the D.C. Circuit will hear oral argument in <u>ACA International</u>, let alone issue an opinion. After it is issued, that decision will likely be appealed to the Supreme Court. If the Supreme Court agrees to

hear the case, it will be at least another several months before it issues an opinion, which opinion could disagree with the Circuit Court's holding and either vacate or reinstate the FCC's conclusions. In short, the indefinite length and uncertain outcome of the appeal substantially weigh against requiring Plaintiff "to stand aside while a litigant in another [case] settles the rule of law that will define the rights of both." Landis, 299 U.S. at 255.

The Court might be inclined to grant the stay if there existed a strong possibility (or any possibility) that the D.C. Circuit's opinion would "dispos[e] of the litigation by creating a 'death knell' for either plaintiff or defendant." Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1274 (11th Cir. 2000). But, even if the D.C. Circuit's decision is favorable for Bright House and the conclusions reached therein are binding on this Court, Plaintiff's TCPA claim will proceed.[10] Discovery will presumably be needed to determine, among other things, whether Bright House called Plaintiff using technology with the present ability to auto-dial numbers, and whether Bright House had previously obtained the consent of the individual it was allegedly trying to reach. Further, as the Court understands it, the appeal will not affect Plaintiff's contention that Bright House called him using a prerecorded or automated voice, which is an independent basis for

---

[10] The Complaint also asserts an FCCPA cause of action, which will not be affected by the appeal. If, however, Plaintiff's TCPA claim is dismissed, it is unlikely that the Court would continue to exercise supplemental jurisdiction over that state-law claim.

stating a claim under the TCPA.  See Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013); Vance v. Bureau of Collection Recovery LLC, No. 10-CV-06324, 2011 WL 881550, at *3 (N.D. Ill. Mar. 11, 2011).

Because this Court is required to treat the FCC's Final Order with deference and may not entertain arguments challenging its correctness, and because the D.C. Circuit's decision - when reached - will not require immediate dismissal of Plaintiff's TCPA claim, the Court finds an indefinite stay of this case unwarranted.

Accordingly, it is hereby

**ORDERED:**

Bright House's Motion for Stay (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 19th day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record