UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA,

        Plaintiff,

vs.                                             Case No. 2:16-cv-00235-JES-MRM

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.
_____/

**DEFENDANT, BRIGHT HOUSE NETWORKS, LLC'S,
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

Defendant BRIGHT HOUSE NETWORKS, LLC ("**Bright House Networks**"), through the undersigned counsel Adams and Reese, LLP, hereby answers the correspondingly numbered paragraphs of the Amended Complaint filed by Plaintiff, STEPHAN H. SLIWA ("**Plaintiff**") as follows:

**AMENDED COMPLAINT**

1.    Admitted that this purports to be a claim for violations of the Telephone Consumer Protection Act, 47, U.S.C. § 227 et seq. (the "TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. (the "FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S. C. § 1692 et seq. (the "FDCPA"), but denied that the Plaintiff is entitled to the requested relief.

**INTRODUCTION**

2.    The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the

43139899_3

statutory language and legislative history provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

3. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the statutory language and legislative history provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

4. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the statutory language and legislative history provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom. The remaining allegations of this paragraph are immaterial and impertinent to this cause.

5. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the cited source provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

6. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the cited source provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

7. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the cited source provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

8. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that the cited source provides the best evidence of its contents and meaning and denies any characterization or interpretation that differs therefrom.

## JURISDICTION AND VENUE

9. Admitted for jurisdictional purposes but denied that the Plaintiff is entitled to the requested relief.

10. Admitted for venue purposes only that the conduct described in the Complaint purportedly occurred within the venue of this Court; otherwise denied.

## FACTUAL ALLEGATIONS

11. Without knowledge and therefore denied.

12. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that it is without knowledge and therefore denies same and demands strict proof thereof.

13. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that it is without knowledge and therefore denies same and demands strict proof thereof.

14. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that it is without knowledge and therefore denies same and demands strict proof thereof.

15. Admitted that Bright House Networks is a foreign limited liability company with a home office located in Syracuse, New York and that it conducts business in Florida.

16. Without knowledge and therefore denied.

17. Denied.

18. Denied.

19. The allegations of this paragraph simply state a legal conclusion to which no response is required. To the extent a response is required, Bright House Networks states that it is without knowledge and therefore denies same and demands strict proof thereof.

20. Admitted that Advanced Telesolutions, Inc. ("**ATS**") is a vendor with which Bright House Networks entered into a contract by which ATS would provide services to Bright House Networks; otherwise denied.

21. Denied.

22. Denied.

23. Admitted that Bright House Networks receives information from ATS in connection with the services ATS provides to Bright House Networks.

24. Denied.

25. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

26. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

27. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

28. Denied.

29. Denied.

30. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

31. Denied.

32. Denied.

33. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

34. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

35. Denied.

36. Denied that Bright House Networks recorded any conversation with Plaintiff.

37. Denied.

38. Denied.

39. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

40. Denied.

41. Denied.

42. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

43. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

44. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

45. Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.

46. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

47. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

48. Denied.

49. Denied.

50. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

51. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

52. The allegations of this paragraph are immaterial and impertinent to this cause and are therefore the subject of a motion to strike being served contemporaneously with this response.

53. Denied.

54. Without knowledge and therefore denied. Bright House Networks demands strict proof of same.

55. Admitted that Bright House Networks has a corporate policy of complying with the TCPA, FCCPA, and the FDCPA; otherwise, denied.

56. Admitted that Bright House Networks has a corporate policy of complying with the TCPA, FCCPA, and the FDCPA; otherwise, denied.

57. Admitted that Bright House Networks has a corporate policy of complying with the TCPA, FCCPA, and the FDCPA; otherwise, denied.

58.     The allegations of this paragraph, and the statements/information reflected on the referenced Exhibit A, are immaterial and impertinent to this cause and are therefore the subject of a motion to strike being served contemporaneously with this response.

59.     The allegations of this paragraph are immaterial and impertinent to this cause and are therefore the subject of a motion to strike being served contemporaneously with this response.

60.     To the extent that Bright House Networks called Plaintiff, it is admitted that such a call was not for an emergency purpose; otherwise without knowledge and therefore denied.

61.     Without knowledge and therefore denied.  Bright House Networks demands strict proof of same.  Answering further, Bright House Networks states that so far it has failed to discover any indication that Plaintiff revoked any consent.

62.     Denied.

63.     Denied.

## COUNT I
### BRIGHT HOUSE NETWORKS, LLC
**(Violation of the TCPA)**

64.     Bright House Networks reasserts and incorporates by reference its responses to paragraphs one (1) through sixty-three (63) above, as though fully set forth herein.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT II
## BRIGHT HOUSE NETWORKS, LLC
### (Violation of the FCCPA)

68. Bright House Networks reasserts and incorporates by reference its responses to paragraphs one (1) through sixty-three (63) above, as though fully set forth herein.

69. Bright House Networks admits that it is subject to the laws of Florida.

70. Denied.

71. Denied.

72. Denied.

## COUNT III
## ADVANCED TELESOLUTIONS, INC.
### (Violation of the TCPA)

73. Bright House Networks reasserts and incorporates by reference its responses to paragraphs one (1) through sixty-three (63) above, as though fully set forth herein.

74. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

75. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

76. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this

allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

## COUNT IV
## ADVANCED TELESOLUTIONS, INC.
### (Violation of the FCCPA)

77. Bright House Networks reasserts and incorporates by reference its responses to paragraphs one (1) through sixty-three (63) above, as though fully set forth herein.

78. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

79. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

80. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

81. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

## COUNT V
## ADVANCED TELESOLUTIONS, INC.
### (Violation of the FCCPA)

82. Bright House Networks reasserts and incorporates by reference its responses to paragraphs one (1) through sixty-three (63) above, as though fully set forth herein.

83. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

84. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

85. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

86. This allegation is directed to a party other than Bright House Networks. To the extent a response is required, Bright House Networks is without knowledge and therefore this allegation is denied. Bright House Networks demands strict proof of same to the extent this allegation is directed at Bright House Networks.

## GENERAL DENIAL

Bright House Networks denies any allegation not expressly admitted herein.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As its first affirmative defense, Bright House Networks states that Plaintiff's Complaint fails to state a cause of action upon which relief may be granted for failure to allege sufficient ultimate facts consistent with the requirements of "notice pleading" that would support any such claim against Bright House Networks.  Specifically, Plaintiff has not pled and cannot show that any calls he received were calls for "which the called party is charged for the call."  47 U.S.C. § 227(b)(1)(A)(iii).

## SECOND AFFIRMATIVE DEFENSE

As its second affirmative defense, Bright House Networks states that Plaintiff is precluded from recovery in this action by the doctrines of waiver, estoppel, and unclean hands. Specifically, Bright House Networks alleges that if Plaintiff received any calls from Bright House Networks, he expressly consented to receive any such calls and invited such calls through his communications to Bright House Networks.

## THIRD AFFIRMATIVE DEFENSE

As its third affirmative defense, Bright House Networks states that Plaintiff is precluded from any relief under the TCPA, because, to the extent he received any calls from Bright House Networks, he consented to the calls at issue, released his number to Bright House Networks with consent to receive calls, did not or was not entitled to revoke consent to receive calls, or otherwise had a prior business relationship with Bright House Networks that entitled Bright House Networks to call Plaintiff's phone number(s) in good faith for collection or other non-marketing business purposes.

### FOURTH AFFIRMATIVE DEFENSE

As its fourth affirmative defense, Bright House Networks states that Plaintiff's damages, if any, are too speculative and are not plead with particularity.

### FIFTH AFFIRMATIVE DEFENSE

As its fifth affirmative defense, Bright House Networks states that Plaintiff is precluded from recovery because he has failed to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

As its sixth affirmative defense, Bright House Networks states that Plaintiff is precluded from recovery under the TCPA, as Bright House Networks did not employ an automatic telephone dialing system with the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

### SEVENTH AFFIRMATIVE DEFENSE

As its seventh affirmative defense, Bright House Networks states that Plaintiff is precluded from recovery under the FCCPA in this action as the Complaint fails to raise a justiciable issue in fact or law against Bright House Networks. Accordingly, Bright House Networks reserves the right to assert a claim under Fla. Stat. § 559.77(2) for court costs and reasonable attorney's fees.

### EIGHTH AFFIRMATIVE DEFENSE

As its eighth affirmative defense, Bright House Networks states that Plaintiff is precluded from recovery under the FCCPA, as Bright House Networks' violations of the statute, if any, were not intentional, resulted from a bona fide error, and occurred despite Bright House Networks' maintenance of procedures reasonably adapted to avoid any such error.

## RESERVATION OF RIGHTS

Bright House Networks reserves the right to amend, supplement or modify its affirmative defenses as they become known through further investigation, research and discovery. Bright House Networks further reserves the right to allege any additional counterclaims, cross claims, or third party actions as they become known through investigation, research and discovery.

WHEREFORE, BRIGHT HOUSE NETWORKS respectfully requests that this action be dismissed and that it be awarded its attorneys' fees and costs incurred in having to defend this matter, along with such other relief as may be deemed appropriate.

/s/ Eric J. Partlow
Eric J. Partlow, Esq.
Florida Bar Number: 556531
eric.partlow@arlaw.com
Christopher A. Roach, Esq.
Florida Bar Number: 0049033
chris.roach@arlaw.com

ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, Florida 33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)
***Attorneys for Bright House Networks, LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.

/s/ Eric J. Partlow
Attorney