UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA,

        Plaintiff,

vs.                                      Case No. 2:16-cv-00235-JES-MRM

BRIGHT HOUSE NETWORKS, LLC,

        Defendant.
_____/

### DEFENDANT, BRIGHT HOUSE NETWORKS, LLC'S, MOTION TO STRIKE AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 12(b), 12(f), and 15(a)(2) of the Federal Rules of Civil Procedure, Defendants, BRIGHT HOUSE NETWORKS, LLC, ("Bright House Networks") moves to strike selected portions and Exhibit A of the First Amended Complaint [D.E. 20] filed by STEPHAN H. SLIWA ("**Plaintiff**").  As grounds therefor, Bright House Networks states as follows.

Rule 15 allows amendment of pleadings freely, but only under the conditions set forth in the rules. The Plaintiff's original Complaint and Bright House Networks' answer were made on December 21, 2015, and February 26, 2016, respectively.  The 21 day window for amendments as "a matter of course" had elapsed long before Plaintiff filed his Amended Complaint on July 27, 2016.

In this case, Federal Rule of Civil Procedure 15(a)(2) required Plaintiff to conform to the following procedure:  "In all other cases, a party may amend is pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."   While Plaintiff approached Bright House Networks about consenting to the amendment, a formal agreement was not reached and Bright House Networks was not provided

43139899_1

with an opportunity to review the proposed amendment prior to its filing. In the interest of efficiency and judicial economy, Bright House Networks nonetheless has answered the majority of the Amended Complaint to the extent possible and to the extent such leave would likely have been granted. However, the Amended Complaint contains certain defects to which Bright House Networks would not have consented, including allegations that are objectionable, immaterial and impertinent to this cause, they should be stricken.

The applicable law is straightforward and grants the Court broad discretion. *Regions Bank v. Commonwealth Land Title Ins. Co.*, 11-23257-CIV, 2012 WL 5410948, at *2 (S.D. Fla. 2012), noted that "[s]triking [a pleading] is appropriate where, for example, a party fails to seek leave of court before filing an unauthorized pleading." *See also Kastner v. Intrust Bank*, 10-1012-EFM, 2011 WL 721483, at *1 (D. Kan. 2011) (striking amended complaint when made without leave of court or consent of opposing party's counsel); *Sheets v. U.S. Bank, Nat. Ass'n, 14*-CV-10837, 2014 WL 5499382, at *2 (E.D. Mich. 2014) (same); *Stephen v. Zhang*, CIV S-09-1516 MCE, 2011 WL 6012406, at *5 (E.D. Cal. 2011), *report and recommendation adopted,* 2:09-CV-01516-MCE, 2012 WL 6138342 (E.D. Cal. 2012) (same).

More specifically, Federal Rule of Civil Procedure 12(f)(2) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Plaintiff has included incomplete and irrelevant recitations of legislative history at paragraphs 2-8, and 51 of the Amended Complaint, as well as a misleading and irrelevant compilation of other matters against Bright House Networks contained at paragraphs 52, 58 and 59 and Exhibit A referenced therein. These allegations are impertinent and immaterial in the circumstances.

With respects to paragraphs 2-8, the legislative history of the TCPA does not constitute an allegation of fact that constitutes part of a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2).  Furthermore, the other lawsuits and complaints to the Better Business Bureau mentioned in paragraphs 58-59, standing alone, do not show anything of relevance to the trial of this matter.

If Plaintiff means to argue with these allegations regarding other complaint that Bright House Networks' conduct was "willful" or "knowing," the existence of other lawsuits—without regard to their outcome—is the quintessential example of "immaterial" and "irrelevant" evidence.  *See generally Levy v. Receivables Performance Management, LLC,* 972 F.Supp.2d 409, 425 (E.D.N.Y. 2013) ("the fact that [the defendant] has been found to have violated the TCPA in other instances does not suggest, as a matter of law, that they acted knowingly and willfully when they used their ATDS to place calls to plaintiff's cell phone"); *Farrell v. Florida,* 2:15-CV-41-FTM-38CM, 2015 WL 3454227, at *1 (M.D. Fla. 2015) (granting motion to strike under Fed. R. Civ. P. (F)(2) when exhibits constituted irrelevant, defamatory matter); *Reardon v. ClosetMaid Corp.,* 2013 WL 6231606, *4 (W.D. Pa. 2013) (purpose of Rule 12(f) motion is to clean up pleadings, streamline litigation, and avoid immaterial matters).  Standing alone, Plaintiff's allegations regarding other lawsuits or consumer complaints, without some inclusion of facts about their substance, outcome, similarities, differences, and other important matters, has no bearing on the required proof in this case. As such, these allegations are immaterial, the proof they would require if they were not stricken—along with the required proof Bright House Networks would have to offer in refutation—has no bearing on the outcome of this matter, and their continued inclusion would be prejudicial.

WHEREFORE BRIGHT HOUSE NETWORKS, LLC respectfully requests that paragraphs 2-8, 51, 52, 58, 59 and Exhibit A of Plaintiff's Amended Complaint be stricken with prejudice to their inclusion in any future iteration of Plaintiff's Complaint, that movant be awarded its attorneys' fees and costs incurred in having to defend this matter, along with such other relief as may be deemed appropriate.

Date:  August 15, 2016

/s/ Eric J. Partlow
Eric J. Partlow, Esq.
Florida Bar Number: 556531
eric.partlow@arlaw.com
Christopher A. Roach, Esq.
Florida Bar Number:  0049033
chris.roach@arlaw.com

ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, Florida 33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)
*Attorneys for Bright House Networks, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.

/s/ Eric J. Partlow
Attorney