UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA,

    Plaintiff,

v.                                  Case No: 2:16-cv-235-FtM-29MRM

BRIGHT HOUSE NETWORKS, LLC
and ADVANCED TELESOLUTIONS,
INC.,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Bright House Networks, LLC's (Bright House) Motion to Strike (Doc. #22) filed on August 15, 2016. Plaintiff has not filed a response, and the time to do so has expired.

Bright House moves under Rules 12(b), 12(f), and 15(a)(2)[1] to strike eleven paragraphs (2-8, 51, 52, 58, and 59) from Plaintiff's First Amended Complaint (Doc. #20) and Exhibit A (Doc. #20-1) thereto, and also seeks to recover the attorneys' fees and costs incurred in "defending" the Motion. According to Bright House, Paragraphs 2-8 and 51 contain "incomplete and irrelevant" allegations regarding the history and purpose of the Telephone

---

[1] Although Bright House argues that, since Plaintiff obtained neither Defendants' consent nor leave of court before filing, dismissal of the entire Amended Complaint would be appropriate under Rule 15(a)(2), the Motion to Strike does not request that specific relief.

Consumer Protection Act (TCPA), 47 U.S.C. ¶ 227 <u>et seq.</u> Paragraphs 52, 58, and 59 assert allegations concerning Bright House's litigation history, which Bright House characterizes as "misleading and irrelevant." Exhibit A, referenced in Paragraph 58, purports to be a print out of search results for federal lawsuits involving Bright House.

Rule 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court sees no harm caused by the inclusion of "Introductory" Paragraphs 2-8, the Court agrees that the allegations regarding the legislative history and purpose of the TCPA are not relevant to Plaintiff's particularized claim that Defendants violated the Act. Accordingly, those seven paragraphs are stricken.

The Court also strikes Paragraph 52, which alleges that "Bright House has stipulated in another lawsuit that the telephone system used to call the Plaintiff was in fact an ATDS." "ATDS" stands for "automated telephone dialing system," the use of which to place consumer calls without the consumer's prior consent is proscribed by the TCPA. Not only has Plaintiff failed to attach evidence of the alleged stipulation to the Complaint, as might permit the Court to judicially notice its existence, <u>see</u> <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994), it is not clear why this allegation is pertinent, since the Amended Complaint

amply alleges elsewhere that Defendants used an ATDS to call Plaintiff.  (Doc. #20, ¶¶ 39-46.)  So too are the general allegations contained in Paragraphs 58 and 59 (and, relatedly, Exhibit A) regarding consumer complaints against Bright House and Bright House's involvement in other lawsuits irrelevant to Plaintiff's case and hereby stricken.

The Court declines to strike Paragraph 51, however, which states the specific types of harm Defendants' unauthorized calls caused Plaintiff.  The Court also denies Bright House's request for an award of costs and attorneys' fees.

Accordingly, it is hereby

**ORDERED:**

1.   Defendant Bright House Networks, LLC's Motion to Strike (Doc. #22) is **GRANTED** in part and **DENIED in part.**

2.   The Court strikes Paragraphs 2-8, 52, 58, and 59 from Plaintiff's First Amended Complaint (Doc. #20).  The Court also strikes Exhibit A (Doc. 20-1).  Paragraph 51 is not stricken.

3.   Bright House's request for attorneys' fees and costs is denied.

**DONE and ORDERED** at Fort Myers, Florida, this 23rd day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record