UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                          Case No: 2:16-cv-235-FtM-29MRM

BRIGHT HOUSE NETWORKS, LLC and ADVANCED TELESOLUTIONS, INC.,

    Defendants,

and

UNITED STATES OF AMERICA,

    Intervenor.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Bright House Networks, LLC's Motion for Judgment on the Pleadings (Doc. #73) filed on June 16, 2017. Bright House seeks a judgment on one of its affirmative defenses which relates to two of Plaintiff's claims.[1] Plaintiff filed a Response in Opposition (Doc. #81) on July 14, 2017, and Bright House filed a Reply (Doc. #86) on August 7, 2017. Also before the Court is the Memorandum in Opposition (Doc. #113) to the Motion for Judgment on the Pleadings filed by

---

[1] Defendant Advanced Telesolutions, Inc. joined in the motion (Doc. #80) on July 14, 2017, but did not itself plead the same affirmative defense.

Intervenor the United States of America on November 2, 2017,[2] and Bright House's Reply thereto (Doc. #116).  For the reasons set forth below, the Court denies Bright House's Motion for Judgment on the Pleading and strikes its twenty-second affirmative defense.

**I.**

Stephan H. Sliwa (Plaintiff) has filed a five-count Amended Class Action Complaint (the Amended Complaint) (Doc. #46) against Bright House Networks, LLC (Bright House) and Advanced Telesolutions, Inc. (ATI) (collectively, Defendants) alleging violations of, and seeking money damages and injunctive relief pursuant to, the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Specifically, Plaintiff alleges that since February 2015, Defendants have harassed him (and others) by calling his cellphone hundreds of times using an automatic telephone dialing system or pre-recorded or artificial voice technology (i.e., "robocalled" him), even after he instructed them to stop.  These calls are alleged to have been made in an attempt to recover a consumer debt that Plaintiff owed Bright House.

---

[2] On July 20, 2017, the Court certified to the Attorney General of the United States (Doc. #84) that the constitutionality of a federal statue had been challenged, and on November 2, 2017, the United States filed its Notice of Intervention (Doc. #112).

Bright House and ATI each filed an Answer and Affirmative Defenses (Docs. ## 56, 57). Relevant here, Bright House's twenty-second affirmative defense alleges that, "[a]s applied, the TCPA violates the First Amendment of the United States Constitution. For example, the TCPA imposes content-based restrictions on speech that fail to withstand strict scrutiny." (Doc. #56, p. 26.)

Bright House now seeks a judgment on the pleadings on the TCPA claims (Counts I and III), asserting, consistent with that affirmative defense, that "the provision of the TCPA on which [Plaintiff] relies" - Section 227(b)(1)(A)(iii) (i.e. the anti-robocall provision) - "contains impermissible speaker- and content-based restrictions on speech that cannot survive strict scrutiny." (Doc. #73, p. 7.) Because that provision violates the First Amendment, Bright House maintains that it cannot be held liable under the TCPA, even assuming the veracity of plaintiff's allegations, and is thus entitled to a judgment on those claims.[3]

Not surprisingly, Plaintiff and the United States (sometimes collectively referred to as Plaintiffs herein) disagree. They assert that: (a) Section 227(b)(1)(A)(iii) should not be reviewed

---

[3] The TCPA also includes a provision allowing the Federal Communications Commission (FCC) - the entity tasked with prescribing regulations to implement the TCPA - to except certain types of calls from the anti-robocall provision. 47 U.S.C. § 227(B)(2)(b)(II). Although Bright House argues that "the authorization for the FCC to establish additional content-based exemptions compounds the problem [of the 'blatant content preference in Section 227(b)']" (Doc. #73, p. 13), it has not claimed that this provision itself violates the First Amendment or independently serves as a basis on which to grant judgment on Plaintiff's TCPA claims in Bright House's favor.

under a strict-scrutiny standard; (b) the statute is constitutional under whatever standard is applied; (c) even if the anti-robocall provision is unconstitutional, the offending clause is severable and Defendants remain liable under the rest of the provision; and (d) consequently, Bright House lacks Article III standing to assert a First Amendment challenge.

Responding to the latter two arguments, Bright House contends that "'severability' is not a concept that could even apply in this posture, given that [Bright House] is a *defendant* raising the First Amendment as a defense to its potential liability." (Docs. ## 86, p. 9; 116, p. 2.) Bright House argues further that severing the Government-Debt Exception would be inconsistent with "congressional intent" (Doc. #86, p. 7), and that, in any event, severability does not impact standing. (Id. pp. 2-3, 7.)

**II.**

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 965 (11th Cir. 2014) (internal citation omitted). The materials considered by the court on a motion for judgment on the pleadings include the complaint, answer, and any exhibits thereto.

Grossman v. NationsBank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). In reviewing a defense motion for judgment on the pleadings, a court must "accept the facts alleged in the complaint as true and draw all inferences that favor the [plaintiff]." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998).

A Rule 12(c) motion for judgment on the pleadings is the proper way to seek dismissal of a complaint or specific claims "on the basis of an affirmative defense." Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Federal Rule 12(f), courts may also strike an "insufficient defense" from a pleading, either upon a motion or *sua sponte*.

## III.

In 1991, Congress passed the TCPA seeking to protect individual consumers against the "invasion of privacy" cause by unwanted automated and prerecorded phone calls (i.e. robocalls). Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012); Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1117 (11th Cir. 2014). The TCPA prohibits, in relevant part, "any person" from "mak[ing] any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone

dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone . . . *unless such call is made solely to collect a debt owed to or guaranteed by the United States.*"[4] 47 U.S.C. § 227(b)(1)(A) (iii) (emphasis added). This "unless" clause - sometimes referred to as the Government-Debt Exception – was added in 2015 as part of the Bipartisan Budget Act of 2015, Pub. L. No. 114-74, 129 Stat. 584, 588 (2015), and forms the basis of Bright House's First Amendment challenge.

As framed by the motion and the responding papers, there are two threshold issues the Court must address before it can reach the substantive merits of that challenge. First, does Bright House have standing to assert a First Amendment affirmative defense - and, by extension, to seek a judgment on the pleadings on that ground? And second, if so, does that affirmative defense entitle Bright House to a judgment as a matter of law on Plaintiff's TCPA claims? The Court concludes that although Bright House has standing, it has not asserted an affirmative defense that would preclude an ultimate judgment in Plaintiff's favor under the TCPA.

**A. Bright House's Standing to Assert a First Amendment Defense**

It is well established that the "case or controversy" requirement of Article III of the United States Constitution demands that litigants demonstrate their standing to pursue relief

---

[4] The TCPA creates a private right of action through which an individual may recover actual monetary losses or $500 per violation, with treble damages available for willful or knowing violations. 47 U.S.C. § 277(b)(3).

in federal court. Ariz. Christian Sch. Tuition Org. v. Winn, 563 U.S. 125, 133 (2011); Camreta v. Greene, 563 U.S. 692, 701 (2011). "[T]he irreducible constitutional minimum of standing contains three elements." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Parties seeking relief must show that "(1) they have suffered a particularized, concrete injury to a legally protected interest (injury in fact); (2) the injury is fairly traceable to the challenged action (causation); and (3) it is likely that the injury may be redressed by judicial action (redressability)." Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (citing Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 (11th Cir. 1993)).

**(1) Bright House Must Establish Standing**

Initially, the Court rejects Bright House's argument that the procedural posture in which it invokes the First Amendment – as a shield to liability – insulates it from having to possess and establish standing to do so. It is true that "the issue of standing in civil litigation normally arises in the context of the plaintiff's standing to sue, and not in the defendant's standing to defend against suit." Yellow Pages Photos, Inc. v. Ziplocal, LP, 795 F.3d 1255, 1265 (11th Cir. 2015) (citing Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997)). Nonetheless, "the requirement that a party establish its standing to litigate applies not only to plaintiffs but also defendants." Id.; see also Camreta, 563 U.S. at 702. As such,

Bright House must establish its standing to raise the First Amendment as an affirmative defense to TCPA liability.

**(2) Bright House Has Established Such Standing**

The next question is whether Bright House has sufficiently established standing to assert a First Amendment affirmative defense. "[T]he requirement that a defendant possess standing is almost always satisfied by the plaintiff's claim for relief against that defendant. After all, any defendant against whom relief is sought will generally have standing to defend due to its exposure to an adverse judgment, the threat of which is imminent." Yellow Pages, 795 F.3d at 1265.

Even so, the Court must ensure that Bright House has carried its burden of showing that it (a) suffered an injury-in-fact, (b) which is fairly traceable to the First Amendment violation alleged, and (c) which is likely to be redressed by a favorable judicial decision. The Court finds that Bright House has done so.

**(a) Bright House's Claimed Injury In Fact**

"An 'injury in fact' requires the [claimant] to 'show that he personally has suffered some actual or threatened injury.'" Granite State, 351 F.3d at 1116 (quoting Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 472 (1982)). More specifically, a claimant "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (quotation omitted).

Assessing whether a claimant has adequately alleged an injury-in-fact requires a court to first identify the claimed injury. Women's Emergency Network v. Bush, 323 F.3d 937, 946 (11th Cir. 2003). When defining such injury, the court considers "the nature and source of the claim asserted." Warth v. Seldin, 422 U.S. 490, 500 (1975).

Bright House's Twenty-Second Affirmative Defense alleges generally that "[a]s applied, the TCPA violates the First Amendment of the United States Constitution. For example, the TCPA imposes content-based restrictions on speech that fail to withstand strict scrutiny." [Doc. #56, p. 26.) "An asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984). It is clear from the Motion for Judgment on the Pleadings, however, that Bright House's "concrete and particularized" First Amendment injury is the fact that it is being sued and may be required to pay a money judgment for violating a statute that itself violates the First Amendment. (Doc. #73, p. 31 ("Section 227(b)(1)(A)(iii) is unconstitutional and cannot impose liability on BHN for the calls at issue here.")). The Court is satisfied that Bright House's exposure to liability in this lawsuit constitutes a sufficient injury-in-fact. Yellow Pages, 795 F.3d at 1265; see also Freedom from Religion Found.,

Inc. v. Lew, 773 F.3d 815, 821 (7th Cir. 2014) (observing that one way to establish the injury-in-fact requirement of standing is to allege that "the government's unconstitutional action caused the plaintiff a concrete, dollars-and-cents injury").

### (b) Traceability of Claimed Injury

Bright House must also establish "a causal connection between the injury and the causal conduct" – which, as in this case, is often the "alleged constitutional violation." KH Outdoor, L.L.C. v. Clay Cty., Fla., 482 F.3d 1299, 1303 (11th Cir. 2007). This is known as the "traceability" or "fairly traceable" requirement of standing. Fed. Deposit Ins. Corp. v. Morley, 867 F.2d 1381, 1388 (11th Cir. 1989). "The essential inquiry for this requirement focuses on whether 'the line of causation between the illegal conduct and injury [is] too attenuated'" to establish traceability. Id. (quoting Allen, 468 U.S. at 752).

Here, the specific traceability question is whether Bright House's claimed injury - exposure to liability under the TCPA for allegedly placing robocalls - is "causally related" to the claimed constitutional violation. As Plaintiff is suing Bright House under the statutory provision Bright House claims is unconstitutional, the answer is clearly yes. Bright House has thus satisfied the traceability element of standing.

### (c) Redressability of Claimed Injury

"The 'redressability' prong of the standing doctrine asks whether it is 'likely, as opposed to merely speculative, that the

injury will be redressed by a favorable decision.'" Loggerhead Turtle v. Cty. Council of Volusia Cty., 148 F.3d 1231, 1253 (11th Cir. 1998) (quoting Lujan, 504 U.S. at 561). "A party overcomes the speculative relief hurdle by demonstrating that a favorable judicial decision will more plausibly result in relief than not." Morley, 867 F.2d 1381, 1389 (11th Cir. 1989) (internal alteration and citation omitted). Redressability is therefore established when "a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1303–04 (11th Cir. 2011) (citation omitted). Without redressability, "issu[ing] a declaration on an issue that might never impact [the parties'] substantive rights," would amount to issuing an "impermissible advisory opinion." Jacksonville Prop. Rights Ass'n, Inc. v. City of Jacksonville, 635 F.3d 1266, 1276 (11th Cir. 2011).

The United States argues that Bright House cannot establish this element, since the proper remedy upon a finding that the anti-robocall provision violates the First Amendment would be to sever the "offending portion" – the Government-Debt Exception – from Section 227(b)(1)(A)(iii). Because Bright House would still be subject to liability under the remainder of that provision, a favorable decision on the merits of the First Amendment defense will not provide the redress Bright House seeks.

Although this argument has some logical appeal, the Supreme Court has rejected attempts to treat remedial hurdles as jurisdictional defects. See Chafin v. Chafin, 568 U.S. 165, 174 (2013); Powell v. McCormack, 395 U.S. 486, 500 (1969). Indeed, unless a claim for relief is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous," a district court should accept that the movant can obtain the relief sought for purposes of establishing jurisdiction. Culverhouse v. Paulson & Co. Inc., 813 F.3d 991, 993–94 (11th Cir. 2016).

Here, Bright House requests a judgment on the pleadings of Plaintiff's TCPA claims based on a finding that Section 227(b)(1)(A)(iii) draws a content-based distinction that cannot survive strict scrutiny. If the Court were to grant that relief, Bright House would obtain the remedy it seeks – no liability under the TCPA in this case. Because Bright House's claim for relief is not "immaterial" or "frivolous," the Court finds the redressability prong satisfied. Bright House thus has standing to assert a First Amendment affirmative defense.

**B.  Bright House Is Not Entitled to a Judgment on the Pleadings**

Even though Bright House has sufficiently established standing to assert a First Amendment affirmative defense, Bright House is entitled to a judgment on the pleadings of Plaintiff's TCPA claims only if judgment as a matter of law on those claims would be appropriate. To be entitled to judgment as a matter of

law, Bright House must establish not only that the anti-robocall provision violates the First Amendment, but also that this constitutional violation precludes Bright House's liability for the robocalls.

For purposes of deciding the instant Motion, the Court will assume that Bright House can obtain the legal holding it seeks - a finding that Section 227(b)(1)(A)(iii) draws a content-based distinction that cannot survive strict scrutiny and therefore violates the First Amendment. Such a finding would not, however, allow Bright House to avoid liability under the anti-robocall provision. To the contrary, the "offending clause" – the Government-Debt Exception - would be severed from the statute, and the remainder of the statute would still expose Bright House to liability, if Bright House did in fact robocall Plaintiff without his consent.

On numerous occasions, the Supreme Court has "reaffirmed that the invalid portions of a statute are to be severed '[u]nless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not.'" I.N.S. v. Chadha, 462 U.S. 919, 931–32 (1983) (quoting Buckley v. Valeo, 424 U.S. 1, 108 (1976) (quoting Champlin Refining Co. v. Corp. Comm'n, 286 U.S. 210, 234 (1932))). Moreover, where the challenged statute contains an unambiguous severability clause, a court "need not embark on that elusive inquiry" into legislative intent, since the clause itself "gives

rise to a presumption that Congress did not intend the validity of the Act as a whole, or any part of the Act, to depend upon whether the [challenged clause is] invalid." Id. That presumption is even stronger "if what remains after severance 'is fully operative as a law.'" Id.; see also Alaska Airlines, Inc. v. Brock, 480 U.S. 678, 684 (1987) ("The standard for determining the severability of an unconstitutional provision is well established: Unless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law." (citations omitted)).

There can be little doubt that, upon a finding that the Government-Debt Exception violates the First Amendment, the proper course would be to sever that clause from the rest of Section 227(b)(1)(A)(iii). Chapter 5 of the Communications Act of 1934, which encompasses the TCPA, includes a "Separability" provision stating that "[i]f any provision of this chapter or the application thereof to any person or circumstance is held invalid, the remainder of the chapter and the application of such provision to other persons or circumstances shall not be affected thereby."[5] 47 U.S.C. § 608. But even without this Separability provision (which predated both the TCPA and the Government-Debt Exception amendment), there can be no doubt that Congress would have enacted

---

[5] The Court is unpersuaded by Bright House's assertion that the Government-Debt Exception is a "clause" and not a "provision," as that term is used in Section 608. (Doc. #86, p. 6.)

the remainder of the anti-robocall provision, irrespective of the constitutional fate of the Government-Debt Exception; Congress *did* enact the provision prior to adding that clause.[6]

In conclusion, while Bright House has standing to raise a First Amendment defense to Plaintiff's TCPA claims, Bright House is not entitled to a judgment on those claims, since – in light of the severability of the Government-Debt Exception – a finding that the anti-robocall provision is unconstitutional would have no effect on Bright House's exposure to liability under the TCPA. Because, in turn, this affirmative defense is "insufficient," the Court strikes it under Rule 12(f)(1).

Accordingly, it is hereby

**ORDERED:**

1. Bright Houses' Motion for Judgment on the Pleadings (Doc. #73) is **DENIED.**

2. Bright House's Twenty-Second Affirmative Defense is **STRICKEN**.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[6] Bright House's claim that "there is no indication that Congress would prefer to subject calls promoting collection of government-guaranteed or -owed debt to liability, rather than to limit liability for other calls" is simply incorrect. (Id. p. 11.)