UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHAN H. SLIWA, individually and on behalf of all others similarly situated,

    Plaintiff,

v.   Case No: 2:16-cv-235-FtM-29MRM

BRIGHT HOUSE NETWORKS, LLC and ADVANCED TELESOLUTIONS, INC.,

    Defendants,

and

UNITED STATES OF AMERICA,

    Intervenor.

---

**OPINION AND ORDER**

This matter comes before the Court on defendants' motions to certify an interlocutory appeal from a prior Opinion and Order. Bright House Networks, LLC's Motion for Certification under 28 U.S.C. § 1292(b) (Doc. #133) was filed on April 9, 2018. The United States of America filed a Response in Opposition (Doc. #134) on April 20, 2018. Plaintiff Stephan H. Sliwa joined in the United States' Response in Opposition on April 23, 2018 (Doc. #135), and on April 24, 2018, defendant Advanced Telesolutions, Inc. joined in Bright House's Motion for Certification under 28 U.S.C. §

1292(b).  (Doc. #136.)  For the reasons set forth below, the Court denies the Motions for Certification under 28 U.S.C. § 1292(b).

I.

Plaintiff Stephan H. Sliwa (Plaintiff) filed a five-count Amended Class Action Complaint (Doc. #46) against Bright House Networks, LLC (Bright House) and Advanced Telesolutions, Inc. (ATI) alleging violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff alleges that Defendants harassed him by calling his cellphone hundreds of times using an automatic telephone dialing system or pre-recorded or artificial voice technology, even after he instructed them to stop, in an attempt to recover a consumer debt that Plaintiff owed Bright House.

On June 16, 2017, Bright House filed a Motion for Judgment on the Pleadings (Doc. #73), arguing that it cannot be held liable for Plaintiff's TCPA claims because Section 227(b)(1)(A)(iii) – the TCPA provision Plaintiff relies upon – violates the First Amendment.  The Court denied Bright House's Motion for Judgment on the Pleadings on March 29, 2018 (Doc. #132) without reaching the merits of the First Amendment issue.  The Court found that, assuming Section 227(b)(1)(A)(iii) violates the First Amendment, the offending portion of that provision – the Government-Debt

- 2 -

Exception - would be severable, and the remainder of the provision would still expose Bright House to liability under the facts alleged in the Amended Complaint. (Doc. # 132, pp. 13-15.)

Bright House, joined by defendant Advanced Telesolutions, seeks to certify the following issues to the Eleventh Circuit Court of Appeals: Whether the Government-Debt Exception "triggers strict scrutiny, and . . . fails strict scrutiny and cannot be severed." (Doc. #133, p. 5.)

**II.**

As a general principle, interlocutory orders are not immediately appealable. See CSX Transp., Inc. v. Kissimmee Util. Auth., 153 F.3d 1283, 1285 (11th Cir. 1998). However, 28 U.S.C. § 1292 provides for an exception to the general rule. Under Section 1292(b), a district court may certify an interlocutory order for immediate appellate review if the court makes three findings: (1) the interlocutory order "involves a controlling question of law"; (2) over which there is a "substantial ground for difference of opinion"; and (3) the immediate appeal "may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

A "controlling question of law" is one that involves the analysis of a "pure" legal issue and does not require a court of appeals to "delve beyond the surface of the record in order to determine the facts." McFarlin v. Conseco Servs., LLC, 381 F.3d

1251, 1259 (11th Cir. 2004). A "substantial ground for difference of opinion" over a "controlling question of law" exists when its resolution is "[not] so clear . . . ." Id. at 1258. An immediate appeal "may materially advance the ultimate termination of the litigation" when "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259.

When a district court certifies an interlocutory order for immediate appellate review, "appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996). Thus, "the appellate court may address any issue fairly included within the certified order . . . ." Id.

### III.

Bright House seeks interlocutory appellate review of whether the Government-Debt Exception "triggers strict scrutiny, and . . . fails strict scrutiny and cannot be severed."[1] (Doc. #133, p.

---

[1] Bright House dedicates a large portion of its Motion to arguing that the Government-Debt Exception is subject to, and fails, strict scrutiny. However, because the Court did not address that issue in its Opinion and Order, whether the Government-Debt Exception violates the First Amendment is not an "issue fairly included within" the order Bright House seeks to certify for appeal. Yamaha, 516 U.S. at 205. Indeed, the Eleventh Circuit has stated that such "liberal use of § 1292(b) interlocutory appeals is bad policy." McFarlin, 381 F.3d at 1259 (noting that "the proper division of labor between the district courts and the court of

- 4 -

5.) The Court's prior Opinion and Order did not address two of these three issues (whether strict scrutiny is the standard and whether the statute fails strict scrutiny), and therefore certification under § 1292 is not appropriate as to those issues.

As to the severability issue, the Court finds that two of the three factors weigh against certification.[2]  The first Section 1292(b) factor is easily satisfied because the severability of the Government-Debt Exception is purely an issue of law. McFarlin, 381 F.3d at 1259.

As to the second factor, the Court continues to find there are no substantial grounds for a difference of opinion regarding severability of the Government-Debt Exception if it does indeed violate the First Amendment.  (Doc. #132, pp. 13-15.)  Bright House argues that there are substantial grounds for difference of opinion regarding its severability because three California district judges have certified this issue for interlocutory

---

appeals . . . [is] threatened by too expansive use of the § 1292(b) exception").  The Court therefore only addresses Bright House's arguments regarding the Government-Debt Exception's severability.

[2] Relying on Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990), Bright House additionally argues that prudential considerations warrant immediate appellate review.  Klinghoffer provides that a court of appeals may consider "the impact that an appeal will have on other cases" in determining "whether to accept an appeal that has been properly certified by the district court." Id.  The Court is aware of no authority - and Bright House does not cite to any - stating that a *district court* may take prudential considerations into account when determining whether to certify an interlocutory order for immediate appeal.

review.  See Gallion v. Charter Commc'ns Inc., 287 F. Supp. 3d 920, 931 (C.D. Cal. 2018); Brickman v. Facebook, Inc., No. 16-CV-00751-TEH, 2017 WL 1508719, at *3-*4 (N.D. Cal. Apr. 27, 2017); Holt v. Facebook, Inc., 240 F. Supp. 3d 1021, 1034 (N.D. Cal. 2017).  Those cases, however, are not persuasive because they analyzed the constitutionality of Section 227(b)(1)(A)(iii) and found that the provision (1) triggered strict scrutiny; and (2) survived strict scrutiny.  See Gallion, 287 F. Supp. 3d at 931; Brickman, 2017 WL 1508719, at *3-*4; Holt, 240 F. Supp. 3d at 1031-32.  Thus, those courts certified the issues which were not decided in this case.

Bright House further relies on Heckler v. Mathews, 465 U.S. 728, 739 n.5 (1984), arguing that "[r]easonable jurists could disagree" about the severability of the Government-Debt Exception because "the default remedy in constitutional litigation is for 'extension' of the right abridged rather than 'nullification' of the special exception."  (Doc. #133, p.6.)  Bright House is indeed correct that a statute found unconstitutional under the Equal Protection Clause can be remedied by either nullifying the statute or "extend[ing] the coverage of the statute to include those who are aggrieved by the exclusion."  Heckler, 465 U.S. at 738

(internal quotation omitted). The instant case, however, is not an equal protection case.[3]

Bright House attempts to extend the logic in Heckler to the First Amendment context by way of Rappa v. New Castle County, 18 F.3d 1043, 1072–73 (3d Cir. 1994). Bright House quotes the Third Circuit as holding that "the proper remedy for content discrimination generally cannot be to sever the statute so that it restricts more speech than it did before." Rappa, 18 F.3d at 1073; (Doc. #133, p. 6.) Yet Bright House fails to quote the remainder of that sentence, where the court notes that an exception to its rule is when there is "specific evidence of a legislative preference for elimination of the [offending provision]." Rappa, 18 F.3d at 1073. As the Court discussed at length in its prior Opinion and Order, (Doc. #132, pp. 13-15), there is specific evidence of Congress' intent to sever the Government-Debt Exception from Section 227(b)(1)(A)(iii). The Court therefore finds Bright House has failed to demonstrate a substantial ground

---

[3] Bright House's reliance on Texas Monthly, Inc. v. Bullock, 489 U.S. 1, 8 (1989) for the same proposition is also misplaced. There, the Supreme Court held that a statute's severability had no impact on the plaintiff's *standing* to challenge its constitutionality; the Court made no finding as to whether severing the offending portion would be an appropriate remedy for an unconstitutional state statute. Id. ("It is not for us to decide whether the correct response as a matter of state law . . . is to eliminate the exemption, to curtail it, to broaden it, or to invalidate the [statute] altogether.").

for difference of opinion over the Government-Debt Exception's severability.

Bright House also cannot establish that immediate appeal would advance the ultimate termination of the litigation. If the Eleventh Circuit held that the Government-Debt Exception is not severable from Section 227(b)(1)(A)(iii), it would not "serve to avoid a trial or otherwise substantially shorten the litigation." McFarlin, 381 F.3d at 1259. In fact, the likely result in that scenario would be an increase in the length of the litigation, because the Court would then have to consider the constitutionality of Section 227(b)(1)(A)(iii) on remand.

In conclusion, because Bright House has not satisfied two of the three requirements set forth in Section 1292(b), the Court denies Bright House's Motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Bright House's Motion for Certification under 28 U.S.C. § 1292(b) (Doc. #133) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of May, 2018.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record